AO 241 (Rev. 5/85)

CA 05 322 T

PETITION UNDER 28 USC § 2254 FOR
HABEAS CORPUS BY A PERSON IN STA

(If petitioner is attacking a judgment which imposed a sentence to be served in the future, petitioner must fill in the name of the state where the judgment was entered. If petitioner has a sentence to be served in the future under a federal judgment which he wishes to attack, he should file a motion under 28 USC § 2255, in the federal court which entered the judgment.)

PETITION FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

*Instructions–Read Carefully*

(1) This petition must be legibly handwritten or typewritten, and signed by the petitioner under penalty of perjury. Any false statement of a material fact may serve as the basis for prosecution and conviction for perjury. All questions must be answered concisely in the proper space on the form.

(2) Additional pages are not permitted except with respect to the facts which you rely upon to support your grounds for relief. No citation of authorities need be furnished. If briefs or arguments are submitted, they should be submitted in the form of a separate memorandum.

(3) Upon receipt of a fee of $5 your petition will be filed if it is in proper order.

(4) If you do not have the necessary funds for transcripts, counsel, appeal, and other costs connected with a motion of this type, you may request permission to proceed *in forma pauperis*, in which event you must execute form AO 240 or any other form required by the court, setting forth information establishing your inability to pay the costs. If you wish to proceed *in forma pauperis*, you must have an authorized officer at the penal institution complete the certificate as to the amount of money and securities on deposit to your credit in any account in the institution. If your person account exceeds $ ________________, you must pay the filing fee as required by the rules of the district court.

(5) Only judgments entered by one court may be challenged in a single motion. If you seek to challenge judgments entered by different courts either in the same state or in different states, you must file separate petitions as to each court.

(6) Your attention is directed to the fact that you must include all grounds for relief and all facts supporting such grounds for relief in the petition you file seeking relief from any judgment of conviction.

(7) When the petition is fully completed, the original and at least two copies must be mailed to the Clerk of the United States District Court whose address is

(8) Petitions which do not conform to these instructions will be returned with a notation as to the deficiency.

# UNITED STATES DISTRICT COURT
# FOR THE STATE OF RHODE ISLAND

## APPLICATIONS FOR HABEAS CORPUS UNDER 28 U.S.C. SECTION 2254

Randy Anderson
Name

61586
Prison Number

Adult Corrections Institution
Place of Confinement

United States District Court ______________ District of Rhode Island

Case No. ______________________
(To be supplied by Clerk of U.S. District Court)

Randy J. Anderson, PETITIONER
(Full name) (Include name under which you were convicted)

v.

A.T. Wall, RESPONDENT
(Name of Warden, Superintendent, Jailor, or authorized person having custody of petitioner)

and

THE ATTORNEY GENERAL OF THE STATE OF x Rhode Island,
ADDITIONAL RESPONDENT.

(If petitioner is attacking a judgment which imposed a sentence to be served in the future, **petitioner must fill in the name of the state where the judgment** was entered. If petitioner has a sentence to be served in the future **under a** federal judgment which he wishes to attack, he should file a motion under 28 U.S.C. Section 2255, in the federal court which entered the judgment.)

PETITION

1. Name and location of court which entered the judgment of conviction under attack
Rhode Island Kent County Court - Superior

2. Date of judgment of conviction
January 8, 1999

3. Length of sentence 50 year term, 30 to serve, 20 suspended

Sentencing judge Robert Krause

4. Nature of offense or offenses for which you were convicted:

1 ct. first degree molestation

5. What was your plea? (Check one)

(a) Not guilty (X)

(b) Guilty ( )

(c) Nolo contendere ( )

If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:

6. Kind of trial: (Check one)

(a) Jury (X)

(b) Judge only ( )

7. Did you testify at the trial? Yes ( ) No (x)

8. Did you appeal from the judgment of conviction? Yes (X) No ( )

9. If you did appeal, answer the following:

(a)Name of court Rhode Island State Supreme

(b)Result Denied the appeal

(c) Date of result June 2000 8th day

If you filed a second appeal or filed a petition for certiorari in the Supreme Court, give details:

Did not file certiorari in Supreme

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any court, state or federal? Yes (X) No ( )

11. If your answer to 10 was "yes," give the following information:

(a)(1) Name of court Kent County Superior Court

(2) Nature of proceeding Post conviction

(3) Grounds raised Ineffective assistance of Counsel

Violation of defendant's 6th and 14th Amendment

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes (x) No ( )

(5) Result Denied

(6) Date of result June 24th, 2003

(b) As to any second petition, application or motion give the same information:

(1) Name of court

(2) Nature of proceeding

(3) Grounds raised

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ( ) No ( )

(5) Result

(6) Date of result

(c) As to any third petition, application or motion, give the same information:

(1) Name of court

(2) Nature of proceeding

(3) Grounds raised

______________________________________________

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ( ) No ( )

(5) Result ______________________________

(6) Date of result ______________________________

(d) Did you appeal to the highest state court having jurisdiction the result of any action taken on any petition, application or motion:

(1) First petition, etc. Yes (x) No ( )

(2) Second petition, etc. Yes ( ) No ( )

(3) Third petition, etc. Yes ( ) No ( )

(e) If you did not **appeal from the adverse action on any petition,** application or motion, explain briefly why you did not:

______________________________________________

______________________________________________

______________________________________________

______________________________________________

12. State concisely **every ground on which you claim that you are being held** unlawfully. Summarize briefly **the facts** supporting each ground.

CAUTION: In order to proceed in the federal court, you must ordinarily first exhaust your state court remedies as to each ground on which you request action by the federal court. As to all grounds on which you have previously exhausted state court remedies, you should set them forth in this petition if you wish to seek federal relief. If you fail to set forth all such grounds in this petition, you may be barred from presenting them at a later date.

For your information, the following is a list of the most frequently raised grounds for relief in habeas corpus proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you may have other than those listed if you have exhausted all your state court remedies with respect to them. However, you should raise in this petition all available grounds (**relating to this conviction**) **on which you**

base your allegations that you are being held in custody unlawfully.

If you select one or more of these grounds for relief, you must allege facts in support of the ground or grounds which you choose. Do not check any of the grounds listed below. The petition will be returned to you if you merely check (a) through (j) or any one of these grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.

(b) Conviction obtained by use of coerced confession.

(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure, [where the state has not provided a full and fair hearing on the merits of the Fourth Amendment claim].

(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest, [where the state has not provided a full and fair hearing on the merits of the Fourth Amendment claim].

(e) Conviction obtained by a violation of the privilege against self- incrimination.

(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.

(g) Conviction obtained by a violation of the protection against double jeopardy.

(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.

(i) Denial of effective assistance of counsel.

(j) Denial of right of appeal.

A. Ground one: Denial of effective assistance of Counsel: violation of 6th and 14th Amendment

Supporting FACTS (tell your story briefly **without citing cases or law**):
Counsel Mark Smith failed to obtain medical records which indicated no sign of sexual assault despite testimony by alleged victim of being "all cut up, tore apart and left bleeding."

B. Ground two: Ineffective assistance of Counsel: 6th and 14th Amendment

Supporting FACTS (tell your story briefly **without citing cases or law**):
Counsel Mark Smith failed to present to jury alleged victim had made (2) two prior accusations of sexual assault, one against her natural father and one against ex-boyfriend, both prior to this case

C. Ground three: Ineffective assistance of Counsel: 6th and 14th Amendment

Supporting FACTS (tell your story briefly **without citing cases or law**):
Counsel Smith failed to impeach alleged victim's claim that via trickery she was led to believe her mother would be home on 3/9/95, when in fact she testified at prior probation violation hearing and gave detailed work schedule of mother and actually spoke to mother on 3/8/95

D. Ground four: Ineffective assistance of Counsel: 6th and 14th Amendment

Supporting FACTS (tell your story briefly **without citing cases or law**):
Counsel Smith failed to impeach alleged victim's testimony that on the day of the alleged assault she was allowed to have a boyfriend and that she had intended to introduce her boyfriend to her mother, when in fact she testified at an earlier probation violation hearing that she'd get in trouble if her parents found out she was with a boy because both her mother and father said she shouldn't be with any boys right now, and that Randy asked Sean to leave because Randy didn't want to get into trouble with parents for allowing Lisa to be with a boy

E. Ground five: Ineffective assistance of Counsel: 6th and 14th Amendment

Supporting FACTS (tell your story briefly **without citing cases or law**):

Counsel Smith failed to file a motion in limine to excuse Linsay Wallace's testimony. Linsay testified that Lisa told her "about 2 months ago" that her stepfather made her perform oral sex upon him. Smith allowed this bolstering testimony via hearsay to be presented.

F. Ground six: Ineffective assistance of Counsel: 6th and 14th Amendment

Supporting FACTS (tell your story briefly **without citing cases or law**):

Counsel Smith allowed alleged victim to testify that after she was made to perform oral sex she ran into the bathroom and remained until her father came to get her. Smith failed to impeach her with her prior testimony at the probation violation hearing that after she was assaulted, she sat in the kitchen with defendant while he was on the phone with the vet until her father came, a far less dramatic version of her allegation.

G. Ground seven:

Supporting FACTS (tell your story briefly **without citing cases or law**):

13. If any of the grounds listed in 12A, B, C, and D were not previously presented in any other court, state or federal, state briefly **what grounds were** not so presented, and give your reasons for not presenting them:

14. Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment under attack? Yes ( ) No (X)

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

(a) At preliminary hearing
Public Defender Richard Casparian

(b) At arraignment and plea
No attorney

(c) At trial
Mark L. Smith, George Waterman Highway, Smithfield, RI

(d) At sentencing
Mark L. Smith, George Waterman Highway, Smithfield, RI

(e) On appeal
George West, One Financial Plaza, Providence, RI 02903

(f) In any post-conviction proceeding
Judith Crowell, 72 Pine St., Providence, RI

(g) On appeal from any adverse ruling in a post-conviction proceeding:
James McCormick, 128 Dorrance St., Providence, RI

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time? Yes ( ) No (X)

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack? Yes (X) No ( )

(a) If so, give name and location of court which imposed sentence to be served in the future:
Kent County Superior Court

(b) And give date and length of sentence to be served in future:
* 10 year term as habitual offender

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future? Yes ( ) No (X)

I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 17, 05
(Date)

Randy Anderson
(Signature)

* to be served consecutive to 30 year term