**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **RANDY ANDERSON,** | : | |
| **Plaintiff** | : | |
| | : | |
| **v.** | : | **C.A. 05-322T** |
| | : | |
| **STATE OF RHODE ISLAND,** | : | |
| **Defendant** | : | |

**STATE OF RHODE ISLAND'S MOTION TO DISMISS PETITIONER'S APPLICATION FOR A WRIT OF HABEAS CORPUS**

Now comes the State of Rhode Island, by and through its attorneys, and, for the reasons expressed in the accompanying supporting memorandum, respectfully moves to dismiss petitioner's application for writ of habeas corpus.

Respectfully submitted,

**STATE OF RHODE ISLAND**
By Its Attorneys,

**PATRICK LYNCH**
**ATTORNEY GENERAL**

**VIRGINIA M. McGINN, #4525**
Department of Attorney General
150 South Main Street
Providence, RI 02903
(401) 274-4400

**CERTIFICATION**

I hereby certify that on the 15th day of November, 2005, I placed a copy of the within document in the U.S. mail, postage prepaid, to Randy Anderson, Pro Se, #61586, ACI, P.O. Box 8273, Cranston R.I. 02920.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| **RANDY ANDERSON,**<br>**Plaintiff** | : | |
| **v.** | : | **C.A. 05-322T** |
| **STATE OF RHODE ISLAND,**<br>**Defendant** | : | |

**STATE OF RHODE ISLAND'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS PETITIONER'S APPLICATION FOR A WRIT OF HABEAS CORPUS**

**FACTS:**

Petitioner, Randy Anderson, has filed a petition for habeas corpus alleging that he is being held at the Adult Correctional Institutions (A.C.I.) in violation of his constitutional rights. He claims that both his sixth amendment right to a fair trial and fourteenth amendment rights to due process and equal protection were violated by virtue of the fact that his trial attorney was ineffective.

Anderson was convicted of one count of first-degree child molestation following a jury trial (Krause, J., presiding) in Kent County Superior Court in October of 1998 and sentenced to fifty years at the A.C.I., with thirty years to serve, and ten years consecutive for being a habitual offender.[1] The Rhode Island Supreme Court upheld his conviction on June 8, 2000. *See* State v. Anderson, 752 A.2d 946 (R.I. 2000)(Attached Hereto as Exhibit B). Petitioner then filed a motion for post conviction relief alleging ineffective assistance of his trial counsel, Mark Smith, which was denied at both the trial level and

[1] This sentence was to be consecutive to the eighteen-year sentence he was serving at the time of trial for violating the terms of his probation on both robbery and breaking and entering sentences. *See* State v. Anderson, 705 A.2d 996 (R.I. 1997)(Attached Hereto as Exhibit A).

subsequently on appeal. *See* Anderson v. State, 878 A.2d 1049 (R.I. 2005)(Attached Hereto as Exhibit C).

**DISCUSSION:**

In this habeas petition, Anderson claims that his trial attorney was ineffective by virtue of a number of trial strategies relating to the victim's medical records, prior accusations of sexual assault, and the areas of cross-examination, as well as the admission of hearsay testimony. These same claims were the subject of the state court petition for post conviction relief and the majority of them involve purported inconsistencies between the complaining witness' violation hearing testimony and her trial testimony.

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996, a federal court may not issue a habeas petition with respect to claims adjudicated on the merits in state court unless the state court decision was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the United States Supreme Court. 28 U.S.C. § 2254 (d)(1). Moreover, it is not sufficient for habeas purposes for the state decision to be merely incorrect; rather it must reach the level of "unreasonable" or "some increment of incorrectness beyond error" in the independent and objective judgment of the federal court. McCambridge v. Hall, 303 F.3d 24, 36 (1st Cir. 2002)(*en banc*). A state court's factual determinations are presumed to be correct and the petitioner bears the burden of disproving those factual findings by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

When reviewing a claim for ineffective assistance of counsel, the applicable standard is found in Strickland v. Washington, 466 U.S. 668 (1984).

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

Strickland v. Washington, 466 U.S. at 687.

Additionally, considering the variety of circumstances faced by legal counsel and the number of legitimate options available to defend a client, judicial scrutiny must be highly deferential and there must be a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland v. Washington, 466 U.S. at 689. *See also* Genius v. Pepe, 147 F.3d 64, 66 (1st Cir. 1998)(counsel's judgments in formulating defense strategy are entitled to substantial deference).

The State of Rhode Island has adopted the Strickland standard and cited it in its decision upholding the denial of Anderson's motion for post-conviction relief. *See* Brown v. Moran, 534 A.2d 180, 182 (R.I. 1982)("The appropriate standard for reviewing a claim of ineffective assistance of counsel is set forth in Strickland v. Washington")(Attached Hereto as Exhibit D) *and* Anderson v. State, 878 A.2d at 1049 ("hearing justice, who also was the trial justice, denied the petition on the ground that Anderson had failed to satisfy the requirements of Strickland v. Washington")(*citation omitted*)(Exhibit C).

Despite the "inconsistencies" complained of by Anderson that were not explored during cross-examination, as the Rhode Island Supreme Court noted "The petitioner was represented at trial by a highly skilled and respected court-appointed lawyer, who

undertook a lengthy and pointed cross-examination of the complaining witness spanning more than 100 pages of trial transcript." Anderson v. State, 878 A.2d at 1050. The fact that Anderson's trial attorney chose not to extend the cross-examination of the young girl by another 100 pages to explore such issues as her familiarity with her mother's work schedule, what the rules were with respect to her being permitted to be alone with boyfriends, and the extent of the bleeding following the episode of digital penetration, a count for which defendant was *acquitted*, certainly do not constitute errors so serious that he was not operating as counsel guaranteed by the sixth amendment. Rather, Anderson's defense counsel cross-examined the complaining witness in a manner described by the trial justice as "severely cross-examined" and "challenged on the stand", on the subject matter and details he considered most pertinent to the defense. This type of trial strategy is not the type of "error" which rises to the level ineffective assistance of counsel.

In addition to the cross-examination complaints, petitioner claims that his attorney erred by not introducing medical records, by not objecting to hearsay testimony and not pursuing prior false charges. As the trial justice noted, the value of medical records for this type of molestation, fellatio and digital penetration, from an examination taken "a month after the incident" would be "highly speculative" (Anderson v. State, 878 A.2d 1049). The purported hearsay testimony was properly introduced "to rebut an express or implied charge against the declarant of recent fabrication or improper influence or motive" (Rhode Island Rules of Evidence 801 (d)(1)(B)) and moreover the "hearsay" testimony was not prejudicial since it was replicated by the testimony of another witness. *See* Anderson v. State, 878 A.2d at 1050. And finally, contrary to petioner's contention, his attorney did pursue whether or not the complainant had ever made prior false charges.

Apart from the fact that the complainant never reported any prior sexual abuse to any authorities, falsely or not, both her and a prior boyfriend's testimony were basically consistent during a *voir dire* regarding the subject conducted by Anderson's attorney. The boyfriend admittedly tried to "force" her to have sex with him and she resisted.

Both the lower court and the Rhode Island Supreme Court point to the fact that Anderson's attorney obviously was successful in representing him on one of the two counts by virtue of the acquittal. "The hearing justice pointed to the acquittal on one count of the indictment as testament to the effective representation that defendant received at trial. We agree with these findings." Anderson v. State, 878 A.2d at 1050. The record reveals that Attorney Smith not only competently, but zealously defended his client and even succeeded in garnering an acquittal on one of the two counts. "Notwithstanding this advocacy, the jury chose to believe the complainant and returned a verdict of guilty on one of two counts. The conviction in this case was not a result of petitioner's attorney but, rather, the weight of the credible evidence against Anderson." Anderson v. State, 878 A.2d at 1050. The credible testimony of the young complainant and the corroborative testimony is what caused defendant to be convicted of child molestation, not ineffective assistance of counsel.

For the foregoing reasons, the State respectfully requests that petitioner's habeas be denied and dismissed.

Respectfully submitted,

**STATE OF RHODE ISLAND**
By Its Attorneys,

**PATRICK C. LYNCH**
**ATTORNEY GENERAL**

**VIRGINIA M. McGINN, #4525**
Department of Attorney General
150 South Main Street
Providence, RI 02903
(401) 274-4400

**CERTIFICATION**

I hereby certify that on the 15th day of November, 2005, I placed a copy of the within document in the U.S. mail, postage prepaid, to Randy Anderson, Pro Se, #61586, ACI, P.O. Box 8273, Cranston, RI 02920.