EXHIBIT D.



H

Supreme Court of Rhode Island.
George S. BROWN
v.
John J. MORAN.
**No. 86-386-C.A.**

Dec. 9, 1987.

Petitioner was convicted of first-degree murder and applied for postconviction relief. The Superior Court, Providence County, Cresto, J., denied application and petitioner appealed. The Supreme Court, Shea, J., held that decision by defense attorney at suppression hearing not to present available evidence of intoxication was strategic choice and did not deprive petitioner of effective assistance of counsel.

Appeal denied and dismissed; remanded.

West Headnotes

**[1] Criminal Law ⚷641.13(6)**
110k641.13(6) Most Cited Cases
Objections.
Decision by defense attorney at suppression hearing not to present available evidence of intoxication was strategic choice and did not deprive defendant of effective assistance of counsel. U.S.C.A. Const.Amend. 6.

**[2] Criminal Law ⚷526**
110k526 Most Cited Cases
Proof of intoxication alone, absent a showing of coercive police activity, is not sufficient to suppress a confession. U.S.C.A. Const.Amend. 14.

***181** Edward C. Roy, Jr., Hutton & Hickey, Providence, for plaintiff.

James E. O'Neil, Atty. Gen., Thomas Dickinson, Asst. Atty. Gen., for defendant.

OPINION

SHEA, Justice.

This is an appeal from the denial of an application for postconviction relief filed pursuant to G.L. 1956 (1985 Reenactment) chapter 9.1 of title 10. The petitioner, George S. Brown, was convicted of first-degree murder on June 28, 1982 and is presently serving a life sentence at the Adult Correctional Institutions (ACI). He alleges that he was denied his Sixth Amendment right to effective assistance of counsel. We affirm the denial of his petition for postconviction relief.

On the afternoon of April 10, 1977, Donna M. Brown, petitioner's wife, was stabbed to death in her apartment in Providence, Rhode Island. Approximately one hour later petitioner was arrested at a friend's house in Cranston, Rhode Island. He was then transported to the Cranston police station where he waived his constitutional rights and gave a statement to the Providence police in which he confessed to the murder.

In May of 1977 petitioner was indicted for the murder of his wife. He pleaded not guilty and was held without bail at the ACI. In October of 1977 he entered a plea of nolo contendere to the charge of second-degree murder and received a sentence of fifty years in prison.

In July of 1980 petitioner applied for postconviction relief pursuant to chapter 9.1 of title 10. He withdrew his plea of nolo contendere, and his sentence was vacated. In January of 1981 the original indictment was dismissed, and he was re-indicted for the murder of his wife. He then entered a plea of not guilty and moved to suppress his confession. A hearing was held on June 16, 1982, and the motion to suppress was denied. He was subsequently convicted after trial of first-degree murder and received a life sentence.

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

He appealed to this court on the ground that the trial judge was in error in denying his motion to suppress. We remanded the case for a further evidentiary hearing. *State v. Brown,* 468 A.2d 914 (R.I. 1983). Following remand, this court affirmed petitioner's conviction. *State v. Brown,* 488 A.2d 1217 (R.I. 1985).

The petitioner then sought postconviction relief, based on ineffective assistance of counsel during the suppression hearing. The suppression hearing focused upon the inculpatory statement he gave to the police following his arrest. He claims he was convicted of first-degree murder solely on the basis of that statement.

The petitioner alleges that his trial counsel was ineffective because he failed to introduce available evidence of petitioner's intoxication prior to his arrest. [FN1] He argues that this evidence would have established that his statement was involuntarily given. It therefore would have been excluded from trial.

> FN1. The petitioner also alleges that trial counsel was ineffective because he failed to secure an expert to investigate a defense of diminished capacity. Since this argument was not raised at the postconviction hearing, it is deemed to be waived and does not merit our consideration. *State v. Burke,* 529 A.2d 621 (R.I. 1987).

The available evidence of petitioner's intoxication consisted of affidavits from three witnesses who claimed that petitioner appeared intoxicated just prior to his arrest and an affidavit from the clinical director of the Institute of Mental Health stating that petitioner had a long-standing alcohol problem and suffered serious emotional disturbances.

At the suppression hearing, trial counsel did not present any evidence of petitioner's alleged intoxication. None of the witnesses or the clinical director was called to testify. In addition, an evaluation of petitioner performed by an alcohol-abuse counselor just prior to the hearing was not offered. The only testimony of intoxication presented during the suppression hearing came from three state witnesses ***182** who testified that petitioner did not seem intoxicated at the time of his arrest.

Trial counsel chose not to argue that petitioner's statement was involuntarily given. Rather, he contended that since the police had no probable cause to arrest him on the afternoon of the murder, his confession was illegally obtained. If that argument had been successful, the statement would have been suppressed and excluded from trial.

[1] The appropriate standard for reviewing a claim of ineffective assistance of counsel is set forth in *Strickland v. Washington,* 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). In *Strickland* the Court stated, "[t]he benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Id.* at 686, 104 S. Ct. at 2064, 80 L. Ed. 2d at 692-93.

*Strickland* sets forth a two-part test to determine whether counsel's assistance is ineffective.

> "First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* at 687, 104 S. Ct. at 2064, 80 L. Ed. 2d at 693.

In discussing the first component of the test, the Court stated that counsel's representation is deficient if it falls below "an objective standard of reasonableness." *Id.* at 688, 104 S. Ct. at 2064, 80 L. Ed. 2d at 693. "In any case presenting an ineffectiveness claim, the performance inquiry must be whether counsel's assistance was reasonable considering all the circumstances." *Id.* at 688, 104 S. Ct. at 2065, 80 L. Ed. 2d at 694. As far as the

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

second component is concerned, the Court explained, to prove prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." 466 U.S. at 694, 104 S. Ct. at 2068, 80 L. Ed. 2d at 698.

The Court cautioned against subjecting counsel's actions to intensive scrutiny when considering an ineffective-assistance-of-counsel claim. They reasoned, "No particular set of detailed rules for counsel's conduct can satisfactorily take account of the variety of circumstances faced by defense counsel or the range of legitimate decisions regarding how best to represent a criminal defendant." *Id.* at 688-89, 104 S. Ct. at 2065, 80 L. Ed. 2d at 694. They further explained:

> "Judicial scrutiny of counsel's performance must be highly deferential. * * * A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time.
> Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.' " *Id.* at 689, 104 S. Ct. at 2065, 80 L. Ed. 2d at 694-95.

The trial justice hearing the petition for postconviction relief determined that petitioner did not overcome this strong presumption. The trial justice determined that trial counsel was aware of the witnesses and evidence available concerning petitioner's alleged intoxication. He further determined that trial counsel, after reasonable investigation, made a strategic choice that this testimony would not be helpful to petitioner at the suppression hearing. We agree with the trial justice "that such action ***183** by defense counsel, to forego the intoxication issue in favor of focusing attention on and pursuing the probable cause to arrest issue, fell within that acceptable range of latitude afforded defense counsel to determine trial strategy and therefore was not unreasonable."

[2] Furthermore, even if trial counsel had presented intoxication evidence at the suppression hearing, proof of intoxication alone, absent a showing of coercive police activity, is not sufficient to suppress a confession. In *Colorado v. Connelly,* 479 U.S. 157, 107 S. Ct. 515, 93 L. Ed. 2d 473 (1986), the United States Supreme Court held that the conduct of the police is an essential factor in determining whether a confession should be suppressed as involuntary. "We hold that coercive police activity is a necessary predicate to the finding that a confession is not 'voluntary' within the meaning of the Due Process Clause of the Fourteenth Amendment." *Id.* at ---, 107 S. Ct. at 522, 93 L. Ed. 2d at 484.

Since petitioner failed to show that his trial attorney's performance was deficient, we need not address the prejudice component of the *Strickland* test. "[T]here is no reason for a court deciding an ineffective assistance claim * * * to address both components of the inquiry if the defendant makes an insufficient showing on one." *Strickland,* 466 U.S. at 697, 104 S. Ct. at 2069, 80 L. Ed. 2d at 699; *see also Barboza v. State,* 484 A.2d 881 (R.I. 1984).

The findings of the hearing justice will stand undisturbed on review in the absence of clear error or a showing that material evidence was overlooked or misconceived. *State v. D'Alo,* 477 A.2d 89 (R.I. 1984); *State v. Dufresne,* 436 A.2d 720 (R.I. 1981). The petitioner has made no such showing. We conclude that the petitioner was not denied his constitutional right to effective counsel.

For the reasons stated, the petitioner's appeal from the denial of his application for postconviction relief is denied and dismissed, and the papers of the case are remanded to the Superior Court.

534 A.2d 180

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

534 A.2d 180

**(Cite as: 534 A.2d 180)**

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.