UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| RANDY ANDERSON,<br>Plaintiff | ) | |
| Vs. | ) | C.A. 05 - 322T |
| STATE OF RHODE ISLAND,<br>Defendant | ) | |

PETITIONER'S TRAVERSE TO STATE'S RESPONSE

Petitioner, Randy Anderson, files his traverse to the following issues cited by the State in its response.

1) The State in its response cites that Attorney Mark Smith did persue the issue of whether or not Complainant ever made prior false charges apart from the fact that she never reported any prior sexual abuse to any authorities. (pg. 4-5). The State contends that no prior report was given. This issue is untrue, Complainant, Lisa Lupino first contacted DCYF and reported that her natural father, David Lupino, had sexually molested her in December, 1992 (VT. 44). This testimony is in stark contrast to the State's contention.

2) Next, the State contends that both Lisa Lupino and prior boyfriend's prior testimony was basically the same. The State contends that the boyfriend testified that he tried to "force" Lisa to have sex with him and she resisted.(TRT 196-203). In fact, the boyfriend never said any such thing.

3) The State contends that the testimony ot Linsey Wallace was not hearsay because her testimony was replicated by another witness.

The other witness was the complaining witness, Lisa Lupino, thus making Linsey's testimony hearsay. Linsey testified that Lisa had told her two (2) months ~~that~~ After she was assaulted. When Linsey was asked when she was told this, she stated "I know I went to the police station the next day." (words to that effect) that being the first week of May, 1995.

4) Lastly, the State attempts to minimize the testimony of the complainant regarding her having been sexually assualted on March 12, 1995 (pg. 4), and that Attorney Smith explored issues and (in pertinant part) that Mr. Smith cross-examined Lisa Lupino about the "extent" of her bleeding following her episode of digital penetration, and the lack of medical records at trial (TrT 96-99). Lisa testified to her having been "all cut up, left tore apart and bleeding," it is the expressed issue that Attorney Smith failed to obtain medical records and call examining doctor as witness, though he was well aware that Lisa Lupino had a physical exam by way of the State's Assistant Attorney General (Vt 3), failed to empeach the Complainant by way of medical records.

For these reasons, I submit this petition of traverse.

Respectfully Submitted:

Dated: November, 21, 05

Randy Anderson
Randy Anderson
P.O. Box 8273
Cranston, Rhode Island 02920

CERTIFICATION

I do hereby certify that I mailed a copy of the within to Virginia McGinn, Dept. of Attorney General, 150 South Main Street, Providence, Rhode Island 02903, on 21st day of November, 2005.

Randy Anderson