UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| RANDY ANDERSON | : | |
| | : | |
| v. | : | C.A. No. 05-322T |
| | : | |
| STATE OF RHODE ISLAND | : | |

**REPORT AND RECOMMENDATION**

Lincoln D. Almond, United States Magistrate Judge

Before this Court is Randy Anderson's ("Petitioner" or "Anderson") Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2254. Anderson was convicted of first-degree child molestation in the Rhode Island Superior Court, and his conviction was subsequently upheld by the Rhode Island Supreme Court ("RISC"). In his Petition, Anderson challenges his conviction on the basis of a claimed denial of his right to effective counsel as guaranteed by the Sixth Amendment to the United States Constitution.

Anderson filed his Petition *pro se* on July 25, 2005. The State of Rhode Island (the "State") filed a timely response to the Petition ("Response") on November 15, 2005. The Petition has been referred to me for preliminary review, findings and recommended disposition. See 28 U.S.C. § 636(b)(1)(B); LR Cv 72(a). The Court ordered the State to file copies of transcripts for three state court proceedings: the jury trial, the hearing on the State motion for post-conviction relief and the hearing on the State probation violation claim. The Court has received and reviewed those transcripts and has determined that no hearing is necessary. After reviewing the Petition, Response and requested transcripts, in addition to performing independent research, this Court recommends that the Petition for Habeas Corpus be DISMISSED WITH PREJUDICE as lacking legal merit.

**Facts and Travel**

Petitioner was charged in a two-count indictment with child molestation relating to two incidents involving his step-daughter. Count I charged Petitioner with fellatio assault and Count II charged Petitioner with digital penetration. Following a jury trial in the Rhode Island Superior Court, Petitioner was convicted of Count I and acquitted of Count II. He was sentenced to fifty years at the A.C.I., thirty years to serve, with ten years consecutive as a habitual offender, and the final ten years suspended. The RISC affirmed his conviction on June 8, 2000. See State v. Anderson, 752 A.2d 946 (R.I. 2000). Following the RISC's decision, Petitioner filed a state motion for post-conviction relief, alleging the ineffective assistance of his trial defense counsel, Mark Smith. The Rhode Island Superior Court denied that motion, and the denial was upheld by the RISC on July 8, 2005. See Anderson v. State, 878 A.2d 1049 (R.I. 2005). Petitioner now seeks federal habeas corpus review of his conviction, alleging that his counsel was constitutionally deficient.

Petitioner sets forth six grounds upon which he contends that his counsel was deficient. Petitioner claims counsel (1) failed to obtain certain medical records; (2) failed to present evidence that the victim had accused her natural father and ex-boyfriend of sexual assault; (3) failed to impeach the victim's testimony[1] (the ground of failure to impeach the victim is asserted as to three separate incidents); and (4) failed to object to the hearsay testimony of a witness, Lindsay Wallace, whose testimony was later repeated by another witness.

[1] It is apparent from reviewing the trial transcript that defense counsel had access to and had reviewed the victim's prior testimony. For instance, defense counsel was allowed to recall the victim and question her about claimed inconsistencies between her trial testimony and both her prior testimony at the probation hearing and before the Grand Jury. (Trial Tr. at 408-416).

## Discussion

In order for this Court to grant Anderson's Motion for Writ of Habeas Corpus, the Court must conclude that the RISC's decision to deny post-conviction relief "was contrary to, or involved an unreasonable application of, clearly established Federal law." See 28 U.S.C. § 2254(d). Moreover, because the State court's application of federal law is challenged, this Court may only grant habeas relief if the State court decision was "not only erroneous, but objectively unreasonable." See, e.g., Yarborough v. Gentry, 540 U.S. 1, 5 (2003).

In this case, the federal law at issue is the law governing the right to effective assistance of counsel. The RISC correctly analyzed Petitioner's ineffective assistance of counsel claim under the two-part analysis set forth in Strickland v. Washington, 466 U.S. 668 (1984). The first part of the test considers whether counsel's performance was "deficient." In order to determine whether the performance was deficient, the Court queries whether the attorney "made errors so serious" that he was "not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. at 687. The Court is obligated to be "highly deferential" in its review of counsel's performance, and, "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. If the Court is nevertheless convinced that counsel was deficient, the Petitioner must then satisfy the second part of the test and demonstrate that counsel's errors caused prejudice to the defense. The showing of prejudice requires demonstration "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Id. at 687.

Having set forth the applicable federal law, the Court now considers each of the grounds stated in Anderson's Petition.

1. Failure to Obtain Medical Records

Turning to the first ground, Petitioner claims that counsel failed to "obtain medical records which indicated no sign of sexual assault." See Petition, Ground One. The RISC addressed this issue and concluded that the Court would not second guess defense counsel's strategic decision not to obtain medical records prepared a month after the incident given the highly questionable probative value, if any, of such remote evidence in a molestation case involving allegations of fellatio and digital penetration. Anderson, 878 A.2d at 1050. Further, defense counsel's failure to obtain these records was not prejudicial, as Petitioner was acquitted of the penetration charge to which the medical records would have been most relevant. (Trial Tr. at 618). The Court therefore concludes that the RISC correctly found that this ground was not a sufficient basis to support a claim of ineffective assistance of counsel.

2. Failure to Introduce Victim's Prior Allegations of Sexual Assault

In his second ground, Petitioner asserts that it was error for counsel to not introduce evidence that the victim had made two prior allegations of sexual abuse against a boyfriend and against her natural father. This claim ignores the fact that counsel was able to thoroughly inquire on voir dire into the victim's prior accusation of unwelcome sexual advances against her ex-boyfriend. (Trial Tr. 190-96). The victim testified that her ex-boyfriend made sexual advances but stopped when she said no. Id. 193-194. Consistently, the ex-boyfriend testified that there was an occasion when he was making a sexual advance towards the victim and "she said no; we did stop." Id. 199. Given the

consistency of the testimony on voir dire, and the fact that the incident was never reported to the authorities, (Probation Hearing Tr. 51), this Court cannot fault Mr. Smith for not pursuing the matter further. In fact, doing so may have even bolstered the victim's credibility in the eyes of the jury.

Regarding her alleged prior accusation against her natural father, given the lack of success that this line of questioning had in prior proceedings (Probation Hearing Tr. at 44-47), defense counsel's strategic decision not to explore this area cannot, in hindsight, be faulted. See, e.g., Lyons v. Rhode Island, 880 A.2d 839, 842 (R.I. 2005) ("tactical decisions by trial counsel, even if ill-advised, do not by themselves constitute ineffective assistance of counsel") (citations omitted).

Mr. Smith's strategy was effective enough for the jury to acquit Petitioner of the charge of sexual assault regarding digital penetration. (Trial Tr. at 618). If Mr. Smith's strategy was not as successful for the child molestation charge of which Petitioner was convicted, that hindsight does not give the Court the ability to declare defense counsel's strategy to be ineffective assistance of counsel. See Wiggins v. Smith, 539 U.S. 510, 523 (2003) ("[E]very effort [must] be made to eliminate the distorting effects of hindsight") (citation omitted); Yarborough, 540 U.S. at 8 ("The Sixth Amendment guarantees reasonable competence, not perfect advocacy judged with the benefit of hindsight"). Given the overall thoroughness of defense counsel's cross-examination of the victim and the deference this Court must pay to counsel's formulation of defense strategy, the Court cannot hold that counsel's strategic decision not to question the victim at every potential opportunity was ineffective assistance of counsel.

3. Failure to Impeach the Victim

Petitioner's third, fourth and fifth grounds concern his claim that counsel failed to impeach the victim regarding several alleged inconsistencies. The Court notes that in the RISC's rejection of this claim, it stated that defense counsel "undertook a lengthy and pointed cross-examination of the [victim] spanning more that 100 pages of trial transcript." Anderson, 878 A.2d at 1049. This Court has undertaken an independent review of the cross-examination section of the transcript, and based on that review, the Court finds no basis for a claim of ineffective assistance of counsel related to the cross-examination of the victim. In fact, during cross-examination, defense counsel was able to elicit that the victim knew she was "not supposed to be in the presence of [Petitioner] without [her] mother" but she stayed with Petitioner after her boyfriend left the apartment (Trial Tr. at 131-132), and he was able to cast doubt on whether the victim knew that her mother forbade her from having her boyfriend in the apartment (Trial Tr. at 133-34). Through effective cross-examination, counsel was able to disclose several discrepancies in the victim's testimony without having to impeach her with her prior testimony. If there were other areas that counsel chose not to explore at trial, such as the victim's knowledge of her mother's work schedule, a line of questioning that had been unsuccessful in prior proceedings (Probation Hearing Tr. at 59), that was his strategic decision.

As to Petitioner's contention that the victim's trial testimony about what she did after being molested was inconsistent with her prior testimony at the violation hearing, the Court will not question counsel's failure to add further detail to the victim's otherwise consistent testimony about what she did after being molested. (Compare Probation Hearing Tr. at 29 with Trial Tr. at 69-70). The victim's testimony was consistent in all material respects, and defense counsel cannot be faulted

for deciding not to pursue a possible inconsistency regarding a collateral detail after the victim described the fellatio incident, i.e., whether or not the victim sat at the kitchen table between the time she ran to the bathroom and "drank mouthwash" after spitting out Petitioner's semen, and when her father picked her up. Id. If anything, defense counsel was prudent to not pursue this merely potential and immaterial inconsistency, and have this otherwise damaging line of testimony from the victim replayed in front of the jury.

4. Failure to Object to Hearsay Testimony

Next, the Court considers the claim that Petitioner's counsel was ineffective because he did not exclude hearsay testimony of Lindsay Wallace. The RISC also held the admission of a witness's hearsay testimony was not prejudicial because it was replicated by another witness's testimony. See Anderson, 878 A.2d at 1050. This Court agrees. It is not ineffective assistance of counsel to limit one's objections so as not to draw attention to properly admitted hearsay testimony. See R.I. R. Evid. 801(d)(1)(B). Furthermore, because the properly admitted hearsay testimony was repeated by another witness's testimony (Compare Trial Tr. at 75-76 with Trial Tr. at 230 and 323), it was not prejudicial.

Based on the above discussion, the Court holds that the RISC's decision did not result in a decision contrary to clearly established federal law, nor did it result in a decision based on an unreasonable determination of the facts. See 28 U.S.C. § 2254(d)(1).

**Conclusion**

For the foregoing reasons, I recommend that Petitioner's Motion for Habeas Corpus be DISMISSED WITH PREJUDICE and that the District Court enter final judgment in favor of Defendant. Any objection to this Report and Recommendation must be specific and must be filed

with the Clerk of the Court within ten (10) days of its receipt. See Fed. R. Civ. P. 72(b); LR Cv 72. Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

LINCOLN D. ALMOND
United States Magistrate Judge
February 21, 2006