UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| RANDY ANDERSON | : | |
| VS. | : | CA. #05-322T |
| STATE OF RHODE ISLAND | : | |

**PETITIONERS OBJECTION TO**

**REPORT AND RECOMMENDATION**

Now comes Petitioner Randy Anderson, in his notice of objection to this Courts Magistrate "Report and Recommendation," petitioner submits the following in support of his objection:

**Ground #1:**

That the Magistrate's contention that petitioners failure to obtain medical records is without merit is clearly wrong.. Petitioner relies on **(T.Tr 96-97 & 178-179)** inwhich the complainant testified that after she was "all cut up, tore apart and left bleeding." Clearly, counsel was aware **(violation tr. 3)** that a exam was conducted and it was reported that there was no signs of any sexual trama. In **Johnson v. U.S.**, at **413 A.2d 499**, **Holsomback v. White**, at **133 F.3d 1382.** In **Johnson**, Justice C.J. Newman had that, **1)** trial counsel was grossly incompetent in trial preparation by failing to investigate favorable medical report, to seek to obtain copy of report and to

secure and present testimony of doctor himself and, 2) such failure of trial counsel blotted out essence of substantial defense and deprived defendant effective assistance of counsel. In **Holcomback** again, counsel failed to obtain favorable medical evidence and failed to secure and present the doctor himself who had conducted the exam and concluded a lack of medical evidence of any sexual trama. In petitioner's trial, the witness complained of having been "all cut up, tore apart and left bleeding." It is no leap of the imagination to assume, any minor child having forgone such a sexual assault, to wit; "all cut up & tore apart," would show some physical signs of a attack. Moreover, neither counsel, Assistance Attorney General-, nor justice can adequately dispense medical testimony to what or would not be present after such alleged attack. Failure to obtain medical records and examining doctor denied petitioner effective assistance of counsel.

**Ground #2:**

Failure to introduce alleged victims prior allegations of sexual assault. Magistrate contents that no error occured when counsel failed to impeach complainant with her prior allegations. Complainant at petitioner's probation violation **(V. Tr. 51-52)[51]:** Did you ever tell anyone that Joseph Theroux forced you to have sex with him? - Yes **[52]:** was it true that Joseph Theroux forced you to have sex-yes-and when did that happen? May 1994 - and where did that happen? - At his house. Clearly, this testimony is in stark contrast to what she gave at petitioner's Vior Dire; that, "Joe asked her to have sex, she said no and he said ok!" In **Izzi v. State, at 348 A.2d 371** the **(R.I.)** Courts stated; the admissability of evidence of prior

false charges is justified in prosecution of sex offenses by the fact that guilt or innocense often turns on the relative credibility of the prosecutrix and accused, by the charge, though easily made, can be disproved only with difficulty. See also, **State v. McCarthy, 446 A.2d at 1034**, **State v. Oliveira**, **576 A.2d 111.** In **Oliveira**, the Court stated; we are asked to consider a similar question, is evidence of the complaining witness other allegations of sexual assault admissable in this case even though these allegations were neither proven false nor withdrawn. We believe that evidence of a complaining witness prior allegations of sexual assault may be admitted to challenge effectively the complaining witness's credibility even if the allegations were not proven false or withdrawn. Id at 1035. We have often stated that the credibility of a witness is always an issue. The defendants inability to prove that prior accusations were infact false does not make the fact that prior accusations were made irrelevant. By not allowing defendant the opportunity to challenge Nancy's credibility. The trial justice inappropriately infringed on defendants **Sixth Amendment Rigths of Confrontation and effective Cross Examination.** See **State v. DeBarros, 441 A.2d 549.** Here, petitioner contends that counsel's failure to present to the jury, to cross-examine the alleged victim with her prior accusations clearly denied this petitioner with adequate effective assistance of counsel.

**Ground #3:**

Failure to impeach the alleged victim. Magistrate seems to follow suit in that he submits that counsel had cross-examined the alleged victim spanning some 100 pages. Thus he was not ineffective.

Magistrate reports that counsel was able to elicit that the alleged victim was not suppose to be in the presence of petitioner/was able to cast doubt on whether she was aware of her mother's work schedule and forbade her from having a boyfriend and that this same line of questioning was unsuccessful at petitioner's violation probation hearing. Petitioner's contends this is false. Further that counsel was prudent to not pursue the immaterial inconsistency. First,it is/was the State's contention that by "trickery" petitioner got the alleged victim to come to his house on March 9, 1995. She contended that she did not know her mother's work schedule **(T.Tr. 52).** Counsel allowed this testimony to stand when he was aware that she testified at petitioners violation of probation hearing and gave a detailed work schedule **(V. Tr. 59).** Next, alleged victim testified she was allowed to have a boyfriend **(T.T. 59),** counsel allowed this testimony to stand when again, he was well aware that she had testified at the violation of probation hearing **(V. Tr. 21-22).** Next counsel allowed the testimony that after she was sexually assaulted on March 9, 1995 **(T.T. 69-70)** that she ran into the bathroom and stayed there until she heard her fathers truck horn to stand when he knew full well that she had testified before and gave a different account of the alleged assault. **(V. Tr. 29)** petitioner would contend that any of these inconsistancies alone would not amount to a case of ineffective assiatance of counsel, however taken together in conjunction with the introduction of the lack of medical evidence, then petitioner contends, counsel was not acting as effective assistance of counsel.

**Ground #4:**

Failure to object to hearsay. Magistrate reports that counsel was

not ineffective by allowing Linsey Wallace to testify to what Lisa told her because it was repeated by another witness. Magistrate fails to note that the other witness was the same person that told Linsey, Lisa. Linsey's testimony was replicated by Lisa Lupino, the complainant, thus, Linsey's testimony was hearsay and not allowed under R.I.R of evidence **801 (D)(1)(B)** petitioner, hearby request that justice deny this magistrate's "Report & Recommendation" and so Order this petitioners request for a **New Trial.** petitioner relies on **TOWNSEND V. SAIN** at **83 S ct 745** in his objection to the states "Report and Recommendation".

Randy Anderson

C: R.J.A.

Randy Anderson
P.O. Box # 8273
Cranston R.I. 02920

## CERTIFICATION

I Randy Anderson Hereby state that I have sent a true copy to the office of the Attorney General at 150 South Main St.on this the **1st day of March 2006.**

Randy Anderson