IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

RANDY ANDERSON
PETITIONER

v C.A. 05- 332T

A.T. WALL, DIRECTOR OF
DEPARTMENT OF CORRECTIONS, et,al.
RESPONDENT

APPLICATION FOR CERTIFICATE OF APPEALABILITY

COMES NOW petitioner **RANDY ANDERSON**, pro-se, moves this Court pursuant to 28 U.S.C. §2253, and Fed.R.App.P. 22(b) for an order granting petitioner a certificate of appealability (COA) to appeal the denial of petitioner habeas corpus. In support of the application, petitioner states the following grounds:

I. INTRODUCTION AND STANDARD OF REVIEW.

On **MAY 18** 2006, this Court issued a final order denying petitioner's petition for Writ of Habeas Corpus under 28 U.S.C. §2254. Petitioner desires to appeal this order to the United States Court of Appeal for the **First Circuit**, petitioner has filed a timely notice of appeal. A Habeas petitioner must first apply for a COA from the District Court that had denied petitioner's relief. **BUI v DiPaolo**, 170 F.3d 232 (1st Cir 1999). To obtain a COA, habeas peti- must make a substantial showing of the denial of a constitutional righ 28 U.S.C. §2253, this statutory language appears to codify the standard previously announced by the Supreme Court in **Barefoot v Estelle**, 463 U.S. 890,893 (1983) in which the Supreme Court stated that to

obtain a CPC under the former statute, a habeas petitioner must present a substantial showing of the denial of a Federal right.[1] The Supreme Court in **Barefoot** further elaborated on the standard for issuance of a certificate in the following:

> **In requiring a question of some substance, or a substantial showing of the denial of a Federal right, obviously the petitioner need not show he should prevail on the merits. He has already failed in that endeavor. Rather, he must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues in a different manner; or that the questions are adequate to deserve encouragement to proceed further.**

**Id.** at n4 (citations omitted). Doubts about whether to issue a COA should be resolved in favor of the appellant. **Fuller v Johnson**, 114 F.3d 491 (5th Cir. 1997); See **Buxton v Collins**, 925 F.2d 816, 819 (5th Cir.), cert. denied, 489 U.S. 1128 (1991). In a capital case, "the nature of the penalty is a proper consideration in determining whether to issue a certificate". **Barefoot**, 463 U.S. at 893.

## II. CONSTITUTIONAL ISSUES WORTHY OF APPELLATE REVIEW.

Outlined below are the constitutional issues which appellant wishes to brief on appeal before the **First Circuit**:

[1] The substantive legal standard is the same as it was for granting a certificate of probable cause. See **Hardwick v Singletary**, 126 F.3d 1312, 1313 n1. (11th Cir. 1997)(per curiam)("**Hardwick II**"); **Tiedeman v Benson**, 122 F.3d at 520-21; **Lyons v Ohio Adult Parole Authority**, 105 F.3d 1063 (6th Cir.), cert. denied, 117 S.Ct. 1724 (1997); **Drinkard v Johnson**, 97 F.3d 751, 756 (5th Cir. 1996), cert. denied, 117 S.Ct. 1724 (1997); **Lennox v Evans**, 87 F.3d 431, 434 (10th Cir. 1996), cert. denied 117 S.Ct. (1997).

1. Whether petitioner was denied his 6th and 14th amendment right to effective assistance of counsel when counsel failed to investigate favorable medical evidence that was available at the time of petitioners trial.

2. Whether petitioner was denied his 6th and 14th amendment right to effective assistance of counsel when counsel failed to Impeach the states witness with her prior accusations of having been sexually assaulted by a Ex-boyfriend (Joe Throux) and her natural father. Evidence that was available at this petitioners trial.

3. Whether petitioner was denied his 6th and 14th amendment right to effective assistance of counsel when counsel failed to Impeach the states witness with her prior testimony regarding her alleged having been "Tricked" into visiting this petitioner on; March 9,1995

4. Whether petitioner was denied his 6th and 14th amendment right to effective assistance of counsel when counsel failed to Impeach the states witness whith her prior testimony regarding her being allowed a boyfriend at the time that she visited the petitioners home

5. Whether petitioner was denied his 6th and 14th amendment right to effective assistance of counsel when counsel failed to Impeach the states witness with her prior testimony regarding the chain of events relating to March 9th 1995

6. Whether petitioner was denied his 6th and 14th amendment right to effective assistance of counsel when counsel failed to file a motion to limine the testimony of Lindsay Wallace since the testimony was hearsay

## CONCLUSION

WHERFORE, for all the foregoing reasons, petitioner respectfully requests that this court grant petitioner a certificate of appeal - ability on each of the forementioned issues.

Respectfully submitted,

Randy Anderson

RANDY ANDERSON-PRO-Se

Maximum Security
P.O. Box 8273
Cranston, RI 02920

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing mail was sent on this 2nd day of June 2006 to the Attorney General Office at 150 South Main Street, Providence, R. 02903. TO:

Randy Anderson

RANDY ANDERSON