MANDATE

05-00322
USDC RI
KSTOS

# United States Court of Appeals
## For the First Circuit

---

No. 06-1966

RANDY ANDERSON,

Petitioner, Appellant,

v.

A. T. WALL, DIRECTOR OF RHODE ISLAND
DEPARTMENT OF CORRECTIONS, ET AL.,

Respondents, Appellees.

---

Before

Torruella, Lipez and Howard,
Circuit Judges.

---

JUDGMENT

Entered: October 24, 2007

Having failed to overturn or set aside his conviction on one count of first degree child molestation on direct appeal and collateral attack in the state courts, pro se appellant Randy Anderson seeks a certificate of appealability ("COA") following the dismissal of his *habeas corpus* petition by the district court. Petitioner alleges that the ineffective assistance of his trial attorney violated his Sixth Amendment rights, and he claims that a medical examination of the minor victim, prepared some months after the assault, proves that he is actually innocent of the crime. In order to obtain a COA from this court, petitioner must make "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), and demonstrate "'that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" Miller-El v. Cockrell, 537 U.S. 322, 337-38 (2003) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)). After careful review of the record and the thorough and well-reasoned decision of the district court, we find that petitioner has not met his burden.

Petitioner argues that his attorney failed to effectively cross-examine the victim, who was 13 years old at the time of the sexual assault, and failed to impeach her credibility with what he claims are inconsistencies between her testimony at the probation revocation hearing, held shortly after petitioner was indicted, and her trial testimony three years later. We have carefully examined the relevant transcripts and find that trial counsel's extensive and probing cross-examination of the victim does not fall below Strickland's objective standard of reasonableness. Strickland v. Washington, 466 U.S. 668, 687-88 (1984).

Petitioner also claims that his trial counsel failed to seek to exclude hearsay testimony of the victim's friend regarding statements she made immediately following the sexual assault that had the improper effect of "bolstering" the victim's testimony. We have reviewed the testimony at issue and find no improper bolstering, as the friend's testimony that the victim "seemed sincere" was stricken by the trial court. In addition, given the victim's detailed testimony and trial counsel's extensive cross-examination, any hearsay testimony by her friend was simply cumulative and unlikely to influence the jury on the ultimate issues of guilt or innocence. State v. Poulin, 415 A.2d 1307, 1311 (R.I. 1980).

Finally, petitioner seeks to amend his petition to add a claim of actual innocence, based on a medical examination of the victim conducted more than a month after the sexual assault, which found no "scars, tears, or bruising" in the vaginal area. As a preliminary matter, we note that this claim was not raised below and is therefore considered waived before this court. See David v. United States, 134 F.3d 470, 474-75 (1st Cir. 1998) (collecting cases). Even if the claim had been properly presented to the district court, however, petitioner was convicted on the fellatio count and acquitted on the digital rape count. This purported medical evidence would have little, if any, relevance to the count on which petitioner was convicted. We agree with the Rhode Island Supreme Court that the probative value of these medical records is "highly speculative." Anderson v. State, 878 A.2d 1049, 1050 (R.I. 2005).

No reasonable jurist would find the district court's assessment of petitioner's constitutional claims debatable or wrong. The certificate of appealability is therefore denied and the appeal is terminated. Petitioner's motion for appointment of counsel is denied.

By the Court:

Richard Cushing Donovan, Clerk.

JULIE GREGG

By: ______________________________
Operations Manager.

**Certified and Issued as Mandate under Fed. R. App. P. 41.**

**Richard Cushing Donovan, Clerk**

**Deputy Clerk**

**Date:** 1/2/08

[cc: Randy Anderson, Virginia M. McGinn, AAG]